George Hosley, Respondent, v. The City of Buffalo, Appellant.

(Argued October 3, 1883 : decided November 20, 1883.)

The plaintiff in this action seeks to recover for a balance alleged to be due him on account of his salary as superintendent of the water department of the city of Buffalo. He was appointed superintendent, at a meeting of the water commissioners in May, 1873, by a resolution which fixed his salary at $2,000 a year. No commission was made out showing the plaintiff's appointment, nor was the resolution appointing him signed or approved in writing. He acted in the capacity of superintendent for a period of seven years and accepted and received monthly for his services at the rate of $2,000 a year and gave receipts for the same upon a monthly pay-roll which was provided by the commissioners for that purpose and sent to the common council who sanctioned and approved of the same. The plaintiff seeks in this action to recover $500 a year in addition to the sum which has already been paid him during the time of his service, and this claim is based upon the ground that the salary of the superintendent of the water department had been fixed and settled, by a resolution of the common council of the city of Buffalo, at the rate of $2,500 per annum prior to his appointment.

The charter of the defendant, section 4 of title 3, provides that the common council "shall by ordinance establish the salary or compensation to be paid to the several persons elected or appointed under" the charter, and that "such compensation shall be fixed before their election or appointment and shall not be increased or diminished during the term of service."

Chapter 12 of said title 3 provides that "all legislative ordinances shall be published in the official paper daily for one week. An ordinance imposing a penalty shall not take effect until ten days after its first publication in the official paper."

Section 4 of title 16 provides that "the city clerk shall make and sign a record, in a book to be provided for that purpose, of every ordinance enacted by the common council and of the time of its first publication; and such record, or a copy thereof, authenticated by the mayor under the city seal, shall be presumptive evidence of the due passage of such ordinance, of its having been published, and of the time of its first publication. Printed books of the ordinances published, or purporting to have been published, by the order of the common council shall be presumptive evidence of such ordinances and that they have been regularly enacted and published as required by this act prior to the printing of them in such book."

It appeared that no ordinance was passed and published in the manner prescribed, fixing the salary of the superintendent of the water department, and that the provisions of the charter which have been considered were not complied with. The claim of the defendant that the salary was fixed at $2,500 a year rested upon a resolution passed by the common council in December, 1872.

The trial court ruled that plaintiff could not recover for any sum remaining unpaid June 1, 1874, as it was barred by the statute of limitations, but directed a verdict for the amount claimed, as falling due after that date. A verdict was rendered accordingly. *Held* error; that plaintiff was only entitled to the $2,000 per annum.

As a majority of the court did not concur in the opinion it is not reported in full.

*P. A. Matteson* for appellant.

*George J. Sicard* for respondent.

MILLER, J., reads for reversal and new trial; RUGER, Ch. J., and RAPALLO, J., concur; ANDREWS and DANFORTH, JJ., concur in result; EARL and FINCH, JJ., dissent.

Judgment reversed.