Hatch, J.
Title three, section 8, of the charter of the city of Buffalo confers power upon the common council of said city to enact ordinances. Subdivision four of said section provides as follows:
“ To prescribe the limits within which wooden buildings shall not be erected, and the manner in, and materials of, which all buildings shall he constructed within such limits. Every building erected or placed contrary to any ordinance passed under the last above provision shall be deemed a common nuisance, and may be abated as such.”
By virtue of this authority the common council of said city enacted section twenty of chapter five of ordinances. In and by said ordinance it is provided that in a certain portion of the city of Buffalo no wooden buildings shall be erected, and for a certain other portion of said city wooden buildings shall not be erected except permission be given by the common council of said city. The building which is the subject of this action is within the territory last mentioned. It is thus seen that the right to erect any wooden building is prohibited. The ordinance, however, provides that this prohibition may be removed in the discretion of the common council. Under what circumstances they will exercise this discretion rests wholly with them. The right to act under such circumstances involves the right to determine to what extent they will remove the prohibition; they may refuse to grant any permit, or they may impose conditions, upon the principle that the greater power includes the less. The person who obtains the permit has clear notice of the extent of the permission, also its limitations. No duty is imposed upon him to accept it, or to act under it, whatever he does is purely voluntary. A favor is granted where before none existed; if he chooses to act he must accept the conditions imposed, take that or nothing, but he cannot under the guise of a modification for his benefit erect erect such a structure as he may see fit, in violation of the permit. Such a construction would nullify the power vested in the common council. Mayor v. Hoffman, 29 La. Ann., 651-653.
*331 In the present case the plaintiff was permitted to erect a wooden building under the following permit:
“ Tobias Campion—To erect frame dwelling house, 16x35, and two stories high, in rear of Nos. 439 and 441 Louisiana street, also fronting on Perry street, and not to be used as a stable, said building to be used for dwelling house purposes, and if used for other purposes, then this grant be null and void.”
The plaintiff accepted the permit, but erected a structure fifteen feet and three inches in width by fifty feet in length, and instead of using it for the purposes of a dwelling house he used it for a store room and barn. During the process of construction plaintiff was notified by the authorities that he was not complying with the permit, and was ordered to desist; this he utterly disregarded. Such erection by plaintiff was in direct violation of the ordinance and permit, and constitutes the structure a nuisance.
It is, however, earnestly contended' that even if this be so, conceding that plaintiff’s act was a clear violation of the ordinance and permit, yet the counsel having acted by resolution in declaring the structure a nuisance and directing its abatement, and not by ordinance, such action is without authority in law and void. To this doctrine I cannot assent. Subdivision 4, of section 8, title 3, in terms declares that the structure erected in violation of the ordinance is a nuisance and may be abated as such. It does not say that the common council must declare by ordinance that it is a nuisance, and by ordinance direct its abatement, but by force of the statute alone it is declared to be a nuisance to be abated.
What possible strength could be added to this mandate by the passage of an ordinance ?
Hosley v. Buffalo (93 N. Y., 662), is not in conflict with this view: There the council was directed to act by ordinance; here they act by virtue of the statute. Nor does the statute contemplate the giving of notice to the person who has violated the ordinance before action taken by the council. The power to declare the structure a nuisance and direct its abatement may be summarily exercised. Cronin v. The People, 82 N. Y., 318-323; Hine v. The City of New Haven, 40 Conn., 478-482 King v. Davenport, 98 Ill., 305-317,
The plaintiff had notice of the limitation contained in his permit, and by deliberately violating it invited the exercise of the power, and should not now be heard to complain that he is not given the opportunity of being heard. Nor are the authorities limited to an action for penalties, which the *332 ordinance provides, for by chapter 5, section 22, of ordinances it is provided:
“But nothing in this section contained shall, in any manner, impair or affect the right of the common council to treat such building, or part of a building, as a common nuisance, and to abate it as such by virtue and in pursuance of subdivision 4 of section 8 of title 3 of the charter of said city.”
Thus showing that not only are they not limited to the penalty, but that subdivision 4 of section 8 of the charter was construed as providing a summary remedy.
It follows that the injunction must be dissolved and the complaint dismissed.